UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAMELA M. PERRY,

    Plaintiff,

v.                            Case No: 2:13-cv-36-FtM-29DNF

HEALTH MANAGEMENT ASSOCIATES INC., a Michigan corporation and NAPLES HMA, LLC, a Florida limited liability company,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Reconsideration, or in the alternative, Motion for Clarification of Opinion and Order Granting the Schumacher Group of Louisiana, Inc., the Schumacher Group of Florida, Inc., and the Collier Emergency Group, LLC's Motion for Summary Judgment (Doc. #163) filed on October 31, 2014. The Schumacher Group filed a Response in Opposition to Plaintiff's Motion for Reconsideration (Doc. #166) on November 3, 2014.

**I.**

Plaintiff Pamela Perry, M.D. (Dr. Perry or plaintiff) initiated this action on January 23, 2012, by filing a Complaint

against the Schumacher Group (TSG)[1], the Collier Emergency Group, LLC (CEG), and Naples HMA, LLC (HMA). (Doc. #1.) Plaintiff's Fourth Amended Complaint, filed August 25, 2013, alleges that defendants unlawfully discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. § 1981. Plaintiff also asserts a claim for trade libel against HMA. (Doc. #61.) On October 31, 2014, the Court entered an Opinion and Order granting TSG's motion for summary judgment because plaintiff was an independent contractor. (Doc. #160.)

Plaintiff now asks the Court to reconsider its Opinion and Order to the extent that it dismissed the § 1981 claim against TSG. (Doc. #163.) Specifically, plaintiff argues that summary judgment should not have been granted on her § 1981 claim on the sole basis that plaintiff was an independent contractor. (Id.)

**II.**

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072,

---

[1]TSG consists of the Schumacher Group of Louisiana, Inc., the Schumacher Group of Florida, Inc., and the Collier Emergency Group, LLC.

1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time-an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus.,

Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

### III.

Plaintiff requests reconsideration because she believes the Court committed clear error by dismissing her § 1981 against TSG on the sole basis that she was an independent contractor. The Court grants reconsideration, but after such reconsideration reaches the same conclusion.

Section 1981 protects individuals from racial discrimination during the making and enforcing of contracts. 42 U.S.C. § 1981. In analyzing a claim for employment discrimination under § 1981, courts apply the same analysis applied to claims brought under Title VII. Phillips v. Aaron Rents, Inc., 262 F. App'x 202, 207 (11th Cir. 2008).

The protection against discrimination afforded by Title VII does not extend to independent contractors; thus, a plaintiff must be an employee to bring a Title VII suit. Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1242 (11th Cir. 1998). An independent contractor, on the other hand, may assert a claim under § 1981 for discrimination occurring within the scope of an independent contractor relationship. See Webster v. Fulton

County, 283 F.3d 1254, 1257 (11th Cir. 2002). See also Tucker v. Talladega City Schools, 171 F. App'x 289, 294 (11th Cir. 2006). Accordingly, plaintiff's status as an independent contractor was not a proper basis for granting TSG's motion for summary judgment on plaintiff's § 1981 claim and the portion of the prior Opinion and Order to the contrary is vacated.

Summary judgment on plaintiff's § 1981 claim is, however, warranted on other grounds. Count III of plaintiff's Fourth Amended Complaint alleges that TSG and CEG violated § 1981 because they "did not have a non-discriminatory reason for terminating Perry from her positions at Pine Ridge." (Doc. #61, ¶ 136.) TSG argues in its motion for summary judgment that plaintiff's discrimination claims are without merit because there is no evidence suggesting that anyone at TSG engaged in any activity indicative of racial discrimination. (Doc. #87, p. 25.) In response, plaintiff concedes that there is no evidence in the record of anyone at TSG making racially derogatory comments, but argues that her claim is viable because TSG did not investigate her claims of discrimination. (Doc. #110, p. 14.) Plaintiff's argument, however, is without merit.

The failure to investigate a claim of discrimination "applies only to employer liability based upon a hostile environment theory. It has no effect upon employer liability based upon a tangible

employment action theory." Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1246 (11th Cir. 2004) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 808 (1998)). Because plaintiff does not contend that the harassment at Pine Ridge was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment, TSG cannot be vicariously liable for the discriminatory conduct of others. Id. Furthermore, the undisputed evidence shows that Dr. Perry refused to provide TSG with additional information pertaining to the allegations of racial discrimination. (Doc. #160, pp. 5-6.) The Court therefore finds that plaintiff's § 1981 claim fails as a matter of law and that TSG was properly dismissed from this action.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Reconsideration, or in the alternative, Motion for Clarification of Opinion and Order Granting the Schumacher Group of Louisiana, Inc., the Schumacher Group of Florida, Inc., and the Collier Emergency Group, LLC's Motion for Summary Judgment (Doc. #163) is **GRANTED** as to the request for reconsideration. Having reconsidered the matter, the Court finds that the Title VII claims against the Schumacher Group of Louisiana, Inc., the Schumacher Group of Florida, Inc., and the

Collier Emergency Group, LLC were properly dismissed from this action for the reasons set forth in the Opinion and Order (Doc. #160) filed on October 31, 2014.  Plaintiff's § 1981 claim against these defendants is dismissed for the reasons stated herein.  The motion is otherwise **DENIED**.

    **DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of November, 2014.

                                                JOHN E. STEELE
                                              UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record