**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

PAMELA M. PERRY,

      Plaintiff,

v.                                  Case No. 2:13-cv-36

THE SCHUMACHER GROUP OF
LOUISIANA, a Louisiana
corporation, et al.,

      Defendants.

**MEMORANDUM OPINION**

    This matter is before the Court on PLAINTIFF'S MOTION FOR
ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B) AND 58
(Docket No. 184). For the reasons set forth below, the motion
will be DENIED.

**BACKGROUND**

    In this case, Pamela M. Perry ("Perry" or "Plaintiff")
alleged that The Schumacher Group ("TSG"), Collier Emergency
Group, LLC ("CEG"), and Naples HMA, LLC ("NHMA") (collectively,
"Defendants") unlawfully discriminated and retaliated against
her in violation of Title VII of the Civil Rights Act of 1964
("Title VII") and 42 U.S.C. § 1981.[1]  Perry initiated this action

---

[1]   Perry also brought claims against "Health Management
Associates, Inc.," which is an entity unrelated to Naples HMA,
LLC.  Perry represented that this defendant was added in error,

on January 23, 2012, by filing a Complaint against the Defendants (Docket No. 1).

Perry eventually proceeded pursuant to a Fourth Amended Complaint (Docket No. 61), filed on August 25, 2013, that contained the following claims: Count I, Racial Discrimination under Title VII against TSG, CEG, and NHMA; Count II, Gender Discrimination under Title VII against TSG, CEG, and NHMA; Count III, Discrimination under 42 U.S.C. § 1981 against TSG, CEG, and NHMA; Count IV, Retaliation under Title VII against TSG, CEG, and NHMA; Count V, Trade Libel against NHMA; Count VI, Negligence against TSG and CEG; Count VII, Breach of Contract against TSG and CEG; and Count VIII, Breach of Implied Duty of Good Faith and Fair Dealing against TSG and CEG. These claims were winnowed over the course of the litigation.

The Court disposed of Counts VI, VII, and VIII by OPINION AND ORDER entered March 13, 2014 (Docket No 82). The Court then granted summary judgment in favor of TSG and CEG on Counts I, II, III, and IV on October 31, 2014 (Docket No. 160) and affirmed this decision on reconsideration on November 5, 2014 (Docket No. 169). Finally, the Court entered judgment as a matter of law in favor of NHMA on Counts I, II, IV, and V on November 7, 2014 (Docket No. 173). This left one claim

and Perry dismissed the defendant (Docket No. 178) shortly before this Court dismissed the case in its Order dated November 19, 2014 (Docket No. 180).

2

remaining:  Count III, Perry's Section 1981 discrimination claim against NHMA.

In an attempt to seek immediate appeal of the previously dismissed claims rather than going to trial on Count III alone, Perry entered into a joint stipulation with NHMA to voluntarily dismiss the remaining claim without prejudice (Docket No. 176). Noting on November 19, 2014 that all claims in the matter had been dismissed and that "nothing further remains to be done in this action," the Court then entered judgment in favor of all defendants on all counts and dismissed the action with prejudice, except as to Count III against NHMA, which was dismissed without prejudice.

Perry filed her Notice of Appeal on December 12, 2014. On January 21, 2015, the Courts of Appeals for the Eleventh Circuit issued a jurisdictional question as to whether it has jurisdiction to hear the appeal because Count III was dismissed without prejudice. See Jurisdictional Question in No. 14-15600-E, 2:13-CV-36 (Docket No. 185-1). In response, Perry filed the motion that is now before this Court requesting that the Court reduce its prior decisions on the merits to a final judgment pursuant to Fed. R. Civ. P. 54(b).

## DISCUSSION

Under 28 U.S.C. § 1291, the courts of appeals "shall have jurisdiction of appeals from all <u>final decisions</u> of the district courts of the United States[.]"   28 U.S.C. § 1291 (emphasis added).   Although this normally requires a final judgment on the merits for all claims, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).   If the district court certifies a judgment in this manner, then the parties may appeal the order prior to resolving the remaining claims.

The purpose of Rule 54(b) is "to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available."   10 Fed. Prac. & Proc. Civ. § 2654 (3d ed.). In making its determination, the court "must evaluate whether there is any just reason to delay the appeal of individual final judgments" by "balanc[ing] judicial administrative interests and relevant equitable concerns."   <u>Ebrahimi v. City of Huntsville Bd. of Educ.</u>, 114 F.3d 162, 165-66 (11th Cir. 1997) (internal quotation marks and citations omitted).   As the <u>Ebrahimi</u> court

4

explained, "[c]onsideration of the former factor is necessary to ensure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." Id. at 166. Such certification is quite rare and only intended for "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id.

The requirements of Rule 54(b) are also intended to foster clarity for the parties themselves. An express certification "makes clear when an appeal must be sought or the right to appeal will be lost, since the time for appeal begins to run from the entry of an order that meets the requirements of the rule." 10 Fed. Prac. & Proc. Civ. § 2654 (3d ed.). If an order is not certified pursuant to Rule 54(b), "the litigant knows that waiting until the disposition of the entire case before seeking an appeal will not lose the right to have the order reviewed." Id. Thus, "Rule 54(b) envisions that adjudication as to some but not all claims in a multiple-claim suit are to be final and appealable only upon an exercise of the district court's discretion[.]" Ryan v. Occidental Petroleum Corp., 577

F.2d 298, 303 (5th Cir. 1978) <u>overruled on other grounds by</u>
<u>Curtiss-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1 (1980)
(emphasis added).

Because this discretion is vested in the district court,
the Eleventh Circuit has long subscribed to the rule established
in <u>Ryan v. Occidental Petroleum Corp.</u> that there is no final
appealable judgment in a multiple-claim suit if the last
remaining claim is dismissed without prejudice. See <u>id</u>; <u>Hood v.</u>
<u>Plantation Gen. Med. Ctr., Ltd.</u>, 251 F.3d 932, 934 (11th Cir.
2001) ("This circuit follows the rule established in <u>Ryan v.</u>
<u>Occidental Petroleum Corp.</u> that partial adjudication on the
merits, followed by voluntary dismissal without prejudice of a
pending claim, does not create a final appealable order.")
(internal citation omitted).[2]  The <u>Ryan</u> rule prevents parties
from circumventing Rule 54(b) and manufacturing premature
appellate jurisdiction without district court sanction or a
truly "final" judgment. See <u>Ryan</u>, 577 F.2d at 301 ("In the
absence of a Rule 54(b) certification and entry of judgment, we

---

[2] The Eleventh Circuit follows precedent established by the old
Fifth Circuit before October 1, 1981. <u>Bonner v. City of</u>
<u>Prichard, Ala.</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) ("The act
dividing the old Fifth Circuit into two circuits did not address
the issue of what body of law would be adopted . . . for cases
'submitted for decision' on and after October 1, 1981. . . .
For several reasons we choose the decisions of the United States
Court of Appeals for the Fifth Circuit, as that court existed on
September 30, 1981, handed down by that court prior to close of
business on that date.").

may not entertain appeals from partial dispositions or orders unless they fall within certain limited exceptions to the usual finality rule."); Mesa v. United States (Mesa I), 61 F.3d 20, 22 (11th Cir. 1995) ("[T]he voluntary dismissal of the plaintiff's remaining claim could not be considered final because a voluntary dismissal is without prejudice to the moving party to file those claims again. In the absence of a rule 54(b) certification, the earlier dismissals were not appealable.").

In addition to finding Ryan's rule consistent with the requirements of 28 U.S.C. § 1291 (to limit appellate jurisdiction to "final" decisions) and the intent of Rule 54(b) (to allow district courts, not litigants, to control when interim orders are appealed), the Eleventh Circuit has also upheld Ryan's rule because it constitutes long-standing and widespread precedent and forces litigants to "make hard choices and seriously evaluate their cases." See State Treasurer of the State of Mi. v. Barry, 168 F.3d 8, 11–13 (11th Cir. 1999).

Notwithstanding these virtues, the Ryan rule undoubtedly poses a conundrum, dubbed by some the "finality trap." As commentators have observed, the Ryan rule "threatens an unwelcome surprise to unwary litigators: Parties who, during litigation, dismiss claims without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure may thereby lose any right

7

to appeal at the litigation's end." Terry W. Schackmann & Barry

L. Pickens, The Finality Trap: Accidentally Losing Your Right to

Appeal (Part I), 58 J. Mo. B. 78, 78 (2002). As Schackmann and

Pickens explain,

> Under often-ignored appellate principles,
> the dismissal of your [remaining] claim
> without prejudice destroys the finality of
> any result in the trial court and thus
> undermines jurisdiction in the Court of
> Appeals, even over the [order] that rejected
> [the other] claims with prejudice. . . .
> Because your dismissal of the [last] claim
> left nothing pending in the trial court, the
> lower court also lacks jurisdiction to
> reopen the case and permit a new appeal from
> the judgment on your . . . principal counts.
> Your action is thus depending neither on
> appeal nor in the trial court.   You have
> both lost your case in the trial court and
> foreclosed any appeal.

Id. This is an admittedly troubling result.

In order to limit the harshness of the Ryan rule,

exceptions of various type and degree permeate the rule across

the federal circuits (with some exceptions perhaps so broad as

to swallow the rule).   In the Eleventh Circuit, there only

appear to be three limited exceptions to the Ryan rule: the

Jetco exception (termination of the litigation by a series of

orders); the Schoenfeld exception (voluntary dismissal of claims

before the merits decision); and the CSX exception (dismissal of

third-party claims).   None of these exceptions apply here.

8

In _Jetco Elec. Indus., Inc. v. Gardiner_, the plaintiff appealed an order dismissing his claim against one of the defendants; before the appeal was heard, the claims against the remaining defendants were dismissed with prejudice. See 473 F.2d 1228, 1231 (5th Cir. 1973). The _Jetco_ rule thus recognizes an exception to the finality rule where "a series of court orders, considered together, terminate the litigation as effectively as a formal order." _Mesa I_, 61 F.3d at 21. Here, the parties themselves voluntarily dismissed the remaining claim _without_ prejudice and so the _Jetco_ exception is inapplicable. Perry might argue that her case is similar to _Jetco_ because, absent victory on appeal, she has evidently agreed with the Defendants not to bring the section 1981 claim again. Pl.'s Reply, at 4 (Docket No. 189). But, this private agreement between the parties cannot create finality.

In _Schoenfeld v. Babbitt_, the Eleventh Circuit established an exception to the _Ryan_ rule when a party dismisses a claim without prejudice _before_ the district court enters an order disposing of the remaining claims on the merits. 168 F.3d 1257 (11th Cir. 1999). The court "read _Ryan_ and its progeny to apply only when a plaintiff voluntarily dismisses its remaining claims without prejudice _after_ a nonfinal adverse district court order . . . [because] the district court would have had the discretion to certify under Rule 54(b) its earlier adverse order for

immediate appeal." Id. at 1266 (emphasis added). Therefore, if the district course chose not to do so, "then there is a presumption that the plaintiff's voluntary dismissal was an improper attempt to manufacture jurisdiction for an immediate appeal." Id. When a party dismisses a claim without prejudice before the adverse ruling, however, there is a final order because there is "simply no reason for the district court to even consider including the alternative certification required by Rule 54(b)." Id. In this case, the merits questions were resolved by the Court before the parties' stipulated dismissal of the last remaining claim. Therefore, this case does not fall within the Schoenfeld exception.

Lastly, in CSX Transp., Inc. v. City of Garden City, the Eleventh Circuit rejected the application of Ryan where summary judgment had been entered against the plaintiff and then the defendant and third-party defendant stipulated to the dismissal of the remaining third-party claim. 235 F.3d 1325 (11th Cir. 2000). In such a situation, the plaintiff did not participate in the voluntary dismissal of the remaining claim and eliminating the plaintiff's right to appeal under such circumstances would mean "parties could deliberately manipulate the proceedings to make the rule of Ryan apply to cut off their adversary's right to appeal." Id. at 1329. CSX only applies in the context of third-party claims, however, and does not stand

10

for the broader proposition that a party's right of appeal cannot be affected by another party to the litigation. See Hood, 251 F.3d at 934 n.4.[3] Because the voluntarily dismissed claim in the instant case was not a third-party claim, CSX provides no relief.

Based on this precedent, Perry appears to have appealed without a final judgment.[4] In an attempt to unwind that circumstance, Perry now moves this Court for certification pursuant to Rule 54(b) of all of her claims that were dismissed with prejudice. Perry apparently believes that, if the Court goes back and certifies those claims under Rule 54(b), then the Court of Appeals' jurisdictional concerns will be mollified.

However, the Court cannot "go back" now after all claims have been dismissed and retroactively certify its prior judgment under Rule 54(b). This is so for three reasons. First, this Court now lacks the requisite jurisdiction to grant Perry's motion. Second, even if the Court did possess jurisdiction at

---

[3] In Hood, the appellant had dismissed his last claim with prejudice while a co-plaintiff still had one claim remaining. The co-plaintiff then dismissed his remaining claim without prejudice. The appellant argued that the CSX exception should apply because he was not a party to the suit when the co-plaintiff dismissed its claim and he did not control that decision. The Eleventh Circuit limited the CSX exception to third-party claims only: "Because this case involved no third-party claims, CSX Transp., Inc. v. City of Garden City, which limited Ryan's rule, does not alter our analysis."

[4] However, the Court of Appeals will be the judge of its own jurisdiction.

this late stage, Eleventh Circuit precedent forecloses the retroactive amendment of judgments to include Rule 54(b) certifications. Third, permitting Rule 54(b) certification is not appropriate after all claims have been dismissed.

## I.    Jurisdiction After Voluntary Dismissal

It appears as though this Court lacks the jurisdiction to hear Perry's motion, but not for the reason proposed by Defendants. In their briefing, the parties contested whether this Court has jurisdiction to hear Perry's motion based on the fact that the case has already been appealed. It is true that "the filing of a notice of appeal is an event of jurisdictional significance in that it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects involved in the appeal." In re Wiand, No. 8:10-CV-71-T-17MAP, 2012 WL 611896, at *1 (M.D. Fla. Jan. 4, 2012) report and recommendation adopted, No. 8:10-CV-71-T-17MAP, 2012 WL 611860 (M.D. Fla. Feb. 23, 2012) (internal quotation marks omitted). However, "a district court retains jurisdiction where a litigant prematurely files a notice of appeal of a non-final order." Id. at *2 (emphasis added); see also United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979) (superseded on other grounds) ("We are persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of

12

jurisdiction and that the reasoning of the cases that so hold is
sound."). Therefore, the mere fact that Perry has filed a
notice of appeal does not limit the Court's jurisdiction to
entertain this motion.

Rather, the Court lacks jurisdiction because all of Perry's
claims have been dismissed. Whether jurisdiction remains in
such circumstances was explicitly raised by Judge Cox in his
concurring opinion in State Treasurer. 168 F.3d at 16 (Cox, J.,
concurring). Judge Cox called this question "debatable": "On
one hand, the game is over in the district court. All the
claims are gone . . . . On the other hand, if the judgment is
not final, jurisdiction must remain in the district court if it
exists anywhere." Id. at 19.

The idea that jurisdiction would remain with the district
court after a voluntary dismissal without prejudice is not
without some support. Judge Cox observed that jurisdiction may
have been implied by the Eleventh Circuit's holding in Mesa v.
United States, where appellate jurisdiction was granted once the
parties dismissed their claims with prejudice after they had
already been dismissed without prejudice. Id. at 19 (citing
Mesa v. United States (Mesa II), 123 F.3d 1435, 1437 n.3 (11th
Cir. 1997)). Similarly, the CSX court noted that, "[i]f there
is no final judgment, CSX will forever lose its right to appeal
in this case," but then added a qualifying footnote that "CSX

13

could ask the district court to certify the . . . order and judgment as final under Fed. R. Civ. P. 54(b), but there is no guarantee that the court will grant their request." CSX, 235 F.3d at 1328 n.2. For support, the CSX court cited to the State Treasurer concurrence and what Judge Cox indicated might be an available option if the district court retained jurisdiction. Finally, Ryan itself is premised on the notion that the voluntary dismissal does not amount to "a termination of the litigation between the parties." 577 F.2d at 302. And, as Judge Cox suggested, if the litigation is not "final" because it is not truly terminated, the district court seems a natural repository for any residual jurisdiction.

Yet, the weight of authority teaches that this Court no longer possesses jurisdiction over the case. As Judge Cox observed, the Tenth Circuit has expressly held that jurisdiction is lacking in such circumstances. State Treasurer, 168 F.3d at 19 (citing Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir. 1992)). Other circuit courts that have directly considered the question have concluded likewise. See, e.g., Safeguard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861, 862 (8th Cir. 1990). This interpretation is widely accepted among federal courts. See 9 Fed. Prac. & Proc. Civ. § 2367 (3d ed.) ("[A]s numerous federal courts have made clear, a voluntary dismissal without prejudice under Rule 41(a) leaves the

14

situation as if the action never had been filed. After the dismissal, the action no longer is pending in the district court and no further proceedings in the action are proper."). And, while jurisdiction has been implied on more than one occasion in the Eleventh Circuit, the Court of Appeals does not appear to believe that jurisdiction remains when the question is addressed head on. See Maryland Cas. Co. v. Latham, 41 F.2d 312, 313 (5th Cir. 1930) ("[I]t is the general rule that, in the absence of statute, voluntary dismissal of a suit leaves the situation as if the suit had never been filed."); Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) ("Voluntary dismissal renders the proceedings a nullity and leaves the parties as if the action had never been brought.") (internal quotation marks and brackets omitted).

In fact, this Court just recently reiterated its lack of jurisdiction following a voluntary dismissal without prejudice, albeit in the context of Rule 41(a)(1)(A)(i). See PNC Equip. Fin., LLC v. IKZ, Inc., No. 2:13-CV-763-FTM-29CM, 2014 WL 4655441, at *1 (M.D. Fla. Sept. 17, 2014) (Steele, J.) ("[F]ollowing the Rule 41(a)(1)(A)(i) notice of dismissal, a district court lacks jurisdiction over the substance of the case.") (citing Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990)). Perry and the Defendants stipulated to a voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(ii).

15

Stipulation of Dismissal (Docket No. 176).  Because voluntary dismissals without prejudice under both Rule 41(a)(1)(A)(i) and Rule 41(a)(1)(A)(ii) are entered without order of the Court, the holding in PNC applies here as well.[5]

## II.  Application of Rule 54(b) After Judgment is Entered

Assuming, however, that this Court possesses the requisite jurisdiction to rule on Perry's Rule 54(b) motion, the Court still would be barred from granting Perry's motion based on the rule established in Mullins v. Nickel Plate Mining Co., Inc., 691 F.2d 971 (1982).  Mullins held that district courts may not retroactively certify judgments as final under Rule 54(b).  691 F.2d at 974.

Perry argues that "Mullins is contrary to recent Eleventh Circuit precedent that recognizes the more recent development in the law on Rule 54(b) certification."  Pl.'s Reply, at 3 (Docket No. 189).  Specifically, Perry cites to National Association of Boards of Pharmacy v. Board of Regents of the University System of Georgia for the rule that "a subsequent Rule 54(b) certification cures a premature notice of appeal from a non-

---

[5] Even assuming that the Eleventh Circuit's holding in Mesa II was meant to imply that jurisdiction had remained in the lower court following voluntary dismissal, this does not necessarily mean that certification under Rule 54(b) is proper in such situations.  Indeed, Mesa II did not deal with a 54(b) motion.  Rather, Mesa II dealt with a stipulated dismissal with prejudice following the Court's prior dismissal without prejudice pursuant to the plaintiff's motion.  See Mesa II, 123 F.3d at 1439 n.5.

final order dismissing claims or parties." 633 F.3d 1297, 1306 (11th Cir. 2011). Perry casts the Mullins rule and the "cure" rule in contrast and argues that Mullins has been implicitly overruled. It is certainly understandable to believe that the Mullins rule and the cure rule stand in conflict. See Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. State of Wis., 760 F.2d 177, 181 (7th Cir. 1985) (citing the Mullins opinion as an example of a federal circuit allegedly "den[ying] the district courts the power to enter belated certification orders, and [insisting] that the courts issue Rule 54(b) certificates prior to the filing of a notice of appeal").

Notwithstanding the Seventh Circuit's observation, it is not at all certain that the Mullins rule and the cure rule are mutually exclusive.

In Mullins, the district court entered a partial summary judgment order for the plaintiffs and, on a separate sheet of paper, a judgment in the amount of $520,037.44. See 691 F.2d at 972-73. When the plaintiffs later moved the district court to retroactively amend the judgment to be a final judgment under 54(b), the court granted the motion. The Eleventh Circuit vacated the judgment and remanded. The Court of Appeals held that while the district court "had the power to certify the judgment as final pursuant to rule 54(b)," the court "did not have the power to make that certification retroactive." Id. at

17

974. Thus, the Mullins rule holds that, once judgment has been entered on an order, it cannot be amended to retroactively certify the judgment as final under Rule 54(b).

In National Association, the district court granted the defendants' motion to dismiss Count I of the plaintiff's amended complaint. 633 F.3d at 1304. Thereafter, the plaintiff filed a notice of appeal and then, a month later, moved the district court to enter a partial final judgment pursuant to Rule 54(b) in conformance with its earlier order. Id. at 1306. Although the plaintiff had appealed the order before partial final judgment had been entered under Rule 54(b), the Court of Appeals held that the subsequent Rule 54(b) certification "cured" the premature notice of appeal. Id. Thus, the "cure rule" holds that, when a party files a notice of appeal after the contested order but before partial final judgment is entered, the party can move the court to enter final judgment on the order pursuant to Rule 54(b) and that certified judgment can render the premature notice valid. See Wilson v. Navistar Int'l Transp. Corp., 193 F.3d 1212, 1213 (11th Cir. 1999) overruled on other grounds by Saxton v. ACF Inds., Inc., 254 F.3d 959, 963 (11th Cir. 2001) (en banc) ("[W]hen a notice of appeal is filed between the time of a decision or order and the time that the order is rendered appealable by the entry of judgment the otherwise premature notice of appeal is treated as if filed on

18

the date of and after entry of judgment.") (emphasis added); Robinson v. Tanner, 798 F.2d 1378, 1382 (11th Cir. 1986) ("In Jetco, it was found that a premature appeal was reviewable where a subsequent judgment of the district court effectively terminated the litigation.") (emphasis added).

Viewing the Mullins rule and the cure rule in this light, the two appear compatible. Under the cure rule, the appellant has prematurely filed a notice of appeal before judgment has been entered on the contested order. Although the later judgment can "cure" the earlier notice, that judgment must be certified pursuant to Rule 54(b) in the first instance. Once judgment has been entered on the contested order, however, the Mullins rule prohibits a party from moving the court to amend the judgment and add a retroactive 54(b) certification.

Unfortunately, that apparent distinction is not as clear as this Court would hope. In Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, the Eleventh Circuit found appellate jurisdiction appropriate where the district court purported to amend a judgment and add a Rule 54(b) certification, citing National Association for authority. 746 F.3d 1008, 1020 (11th Cir. 2014) ("After we inquired of the parties about our jurisdiction, the district court entered a second amended final judgment. That order certified the judgment as final pursuant to Rule 54(b). . . . Therefore, appellate . . . jurisdiction

19

[is] proper."). Perry is right to argue that such a broad reading of National Association would effectively nullify the Mullins rule. Rather than entering judgment in the first place pursuant to Rule 54(b) and relying upon the cure rule to fix the premature notice, the district court in Winn-Dixie amended the judgment after the fact in seeming violation of Mullins.

Yet, the Winn-Dixie court did not cite to or reconcile the Mullins holding in its opinion. In the absence of any clearly stated intent by the Eleventh Circuit to overturn its own precedent, it seems more likely that Winn-Dixie and Mullins stand in accidental tension. Because Mullins represents the older precedent, does not undermine the application of the cure rule from National Association, and has not been expressly overturned, this Court is obligated to hew to the Mullins rule. If Mullins is to be overruled, the Eleventh Circuit must be the tribunal to do so, not this Court.

Here, the Court entered the contested orders underlying Perry's appeal on March 13, 2014; October 31, 2014; and November 7, 2014. (Docket Nos. 82, 160 & 173.) The Court then entered judgment on all claims except for the Section 1981 claim that was dismissed without prejudice. (Docket No. 180.) Now, Perry moves for Rule 54(b) certification after judgment has already been entered on the contested orders.

If the case falls under any precedent, it would appear closest to Mullins. Judgment on the appealed orders was entered on November 19, 2014, before Perry's motion for Rule 54(b) certification. The cure rule would have applied if: (1) Perry had filed her notice of appeal after the orders dismissing the claims were granted but before the court entered judgment on those claims, and (2) Perry had moved this Court to certify its judgment of those orders under Rule 54(b) after the premature notice of appeal but before the Court had already entered judgment. In such a scenario, the Court's subsequent judgment and certification would cure Perry's premature notice of appeal (assuming the Court decided to certify appeal of those claims).

But, that is not how the case unfolded. Because Perry moved the Court to certify judgment under Rule 54(b) after judgment on the contested orders has already been entered, Perry's motion is barred by the Mullins rule.[6]

---

[6] One might argue that, because no "final order" has been entered in this case, the presumptive "judgment" entered by this Court on November 19, 2014 is no more than a repetitive "non-final order dismissing claims" within the meaning of National Association. National Association, 633 F.3d at 1306 ("[A] subsequent Rule 54(b) certification cures a premature notice of appeal from a non-final order dismissing claims or parties."). Such reasoning is incompatible with Mullins, and it is beyond the power of this Court to call that case into question.

21

### III. **Application of Rule 54(b) After Voluntary Dismissal**

The Court believes that, even if it possesses jurisdiction and Mullins has been overruled by implication, it would nonetheless be inappropriate to grant Perry's Rule 54(b) motion in the current posture of the case. In National Association, Winn-Dixie, and seemingly even Mullins, active claims remained pending at the time of the motion for Rule 54(b) certification. Here, all of the claims have been dismissed and the case is closed for all practical purposes. As such, even Winn-Dixie does not provide clear authority to grant Perry's request.

Admittedly, both State Treasurer and CSX present hypotheticals about the possibility of granting Rule 54(b) certification after all claims have been dismissed. See State Treasurer, 168 F.3d at 19-20 (Cox, J., concurring); CSX, 235 F.3d at 1328 n.2. Because both opinions merely raised theoretical options rather than adjudicating such a dispute, however, these passages are only dicta. The Court does not believe that the Eleventh Circuit, if presented with such a case, would in fact so hold.

First, there would not likely be quite so much ink spilled about Ryan's harsh consequences if parties could seek respite from the rule by merely returning to the district court after their misadventures in manufacturing jurisdiction and move for retroactive Rule 54(b) certification. Allowing such a result

certainly would not "forc[e] litigants to make hard choices and seriously evaluate their cases." State Treasurer, 168 F.3d at 15.

Second, the procedural posture of such a motion twists the district court's typical, discretionary Rule 54(b) inquiry into something quite unusual and quite out of place. For example, if the parties have dismissed all remaining claims and the case is effectively closed, in what respect could the Court genuinely inquire whether there is "no just reason for delay"? Could, for example, appellate jurisdiction be engineered by having the district court make an essentially meaningless inquiry?

The concurrence in State Treasurer seems to imply that the district court could conduct its normal analysis. See 168 F.3d at 19-20. Similarly, the CSX court states that "there is no guarantee" that the court would grant such a request. See 235 F.3d at 1328 n.2. Yet, this Court - reflecting on the equities at play - finds it hard to approach this motion in anything but a categorical manner. There is nothing left for this Court to do, so there is hardly any reason for delay. Perry agrees. See Pl.'s Reply, at 3 (Docket No. 189) ("Naples HMA does not argue any basis for such delay, and it cannot due to the procedural stance of this matter[.]"). But, if the Court grants the motion on this basis, the resulting precedent necessarily unravels the Ryan rule because parties will always be able to dismiss their

23

remaining claims without prejudice and move for retroactive certification under Rule 54(b) once all reasons for delay have been extinguished. On the other hand, if the Court denies the motion, Perry may be denied any chance of appeal. The stakes are hardly those of a normal 54(b) decision.[7]

In any event, it is clear from the parties' prior representations to this Court that the Section 1981 claim was dismissed solely to seek early review of the Court's prior decisions and avoid the inconvenience of two trials. This is not a proper basis for a Rule 54(b) certification even under normal circumstances. As the Ebrahimi court observed:

> The district court may have reasoned that early review by the appellate court would eliminate the necessity for a second trial in the event we reversed its rulings on the dismissed claims. Absent special circumstances, however, the district court's preference for pretrial appellate review of its dismissal decisions constitutes an improper basis for issuance of a partial final judgment. Where accelerated appellate review of a controlling question of law is the motivating factor in deciding to enter judgment under Rule 54(b), an interlocutory

---

[7] Granting a Rule 54(b) motion in such circumstances would also raise practical concerns regarding ongoing case administration. Because Perry purports to move directly under 54(b) rather than pursuant to Rule 59(e) or 60, see Pl.'s Reply, at 3-5 (Docket No. 189), it is unclear what time limit – if any – would apply to such a motion. In other words, an unknown number of cases that have been purportedly "closed" by dismissal without prejudice might be subject to re-opening by a Rule 54(b) motion since a true "final judgment" would have never been entered in such cases.

> appeal pursuant to 28 U.S.C. § 1292
> represents the more appropriate course.

114 F.3d at 168 (internal citations omitted). Accordingly, there is simply no basis upon which this Court can grant Perry's motion.

**CONCLUSION**

For the foregoing reasons, PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B) AND 58 (Docket No. 184) will be DENIED.

It is so ORDERED.

/s/ _REP_
_____
Robert E. Payne
Senior United States District Judge

Date: May 7, 2015