UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAMELA M. PERRY,

    Plaintiff,

v.                               Case No: 2:13-cv-36-FtM-29DNF

HEALTH MANAGEMENT ASSOCIATES
INC., a Michigan corporation
and NAPLES HMA, LLC, a
Florida limited liability
company,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Voluntary Dismissal With Prejudice of Count III of Fourth Amended Complaint (Doc. #200) and Plaintiff's Renewed Motion for Entry of Final Judgment (Doc. #201), both filed on April 18, 2016. Defendant, Naples HMA, LLC, filed responses in opposition (Docs. ##202, 203) on May 2, 2016.  On May 4, 2016, Defendant, the Schumacher Group, filed a Response in Opposition to Plaintiff's Motion for Voluntary Dismissal and Plaintiff's Renewed Motion for Entry of Final Judgment.  (Doc. #204.)  For the reasons set forth below, the motions are denied.

**I.**

Plaintiff, Pamela Perry, M.D., initiated this litigation on January 23, 2013, claiming unlawful discrimination and retaliation

in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (Doc. #1.) Plaintiff proceeded under her Fourth Amended Complaint on August 15, 2013. (Doc. #61.) Subsequently, the Court granted summary judgment dismissing Defendants, the Schumacher Group of Louisiana, Inc., the Schumacher Group of Florida, Inc., and Collier Emergency Group, LLC. (Doc. #160.) Plaintiff moved for reconsideration (Doc. #163), and the Court affirmed its prior decision as to those Defendants (Doc. #169). Plaintiff subsequently dismissed Defendant, Health Management Associates, Inc. (Doc. #178.) Health Management Associates, Inc. (Michigan) never appeared in this action. (See Doc. #80, pp. 9-10.)

On November 5, 2014, Defendant, Naples HMA, LLC, filed a Rule 50 Motion for Judgment as a Matter of Law (Doc. #168) with Supporting Memorandum (Doc. #167), which was granted by the Court as to Counts I, II, IV, and V. (Docs. ##173, 179.) On November 7, 2014, Plaintiff and Naples HMA, LLC stipulated to Plaintiff's voluntary dismissal without prejudice of Count III of the Fourth Amended Complaint — the only remaining count against Naples HMA. (Doc. #176.) The Court entered an Order dismissing the case (including Count III which was dismissed pursuant to the parties' stipulation) on November 19, 2014. (Doc. #180.)

On December 12, 2014, Plaintiff filed a Notice of Appeal (Doc. #181) that was denied by the Eleventh Circuit Court of Appeals for

want of jurisdiction on August 28, 2015 (Doc. #195). In response, Plaintiff filed the motions (Docs. ##200, 201) that are now before the Court.

**II.**

Plaintiff argues that this Court retains jurisdiction over this matter because the Eleventh Circuit determined that her appeal was premature. (Doc. #200, p. 2.) For support, Plaintiff cites to Rule 41(a)(2) for the proposition that, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (Id. (citing Fed. R. Civ. P. 41(a)(2).) Additionally, Plaintiff states that, "voluntary dismissals, granted without prejudice, are not final decisions themselves and also do not transform an earlier partial dismissal or partial summary judgment order into a final decision." (Id. (quoting State Treasurer of the State of Michigan v. Barry, 168 F.3d 8, 13 (11th Cir. 1999).) Moreover, Plaintiff contends that in keeping with the holding in Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334 (11th Cir. 1998), all she must do in order to properly perfect her appeal with the Eleventh Circuit is to dismiss the remaining count of her Fourth Amended Complaint with prejudice. (Doc. #200, p. 3.) The Court disagrees.

In addition to dismissal under Fed. R. Civ. P. 41(a)(2) that requires an order by the court, dismissal is also permissible

pursuant to Fed. R. Civ. P. 41(a)(1). Under Fed. R. Civ. P. 41(a)(1)(A), "an action may be dismissed by the plaintiff without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." A Rule 41(a)(1) dismissal is effective immediately and requires no action by the district court. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citing Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990)). Moreover, a voluntary dismissal of an action renders the proceedings a nullity and leaves the parties as though the action had never commenced, thereby mooting all pending actions. Id. (citing Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996)). See also PNC Equip. Fin., LLC v. IKZ, Inc., No. 2:13-cv-763-FtM-29CM, 2014 WL 4655441, at *1 (M.D. Fla. Sept. 17, 2014); Md. Cas. Co. v. Latham, 41 F.2d 312, 313 (5th Cir. 1930).

Plaintiff and Naples HMA stipulated to Plaintiff's voluntary dismissal without prejudice of Count III of the Fourth Amended Complaint. (Doc. #176.) Plaintiff also filed a Notice of Dismissal of Defendant, Health Management Associates, Inc. before any appearance was entered in the action. (Doc. #178; see also Doc. #80, pp. 9-10.) This Court previously addressed this issue in its Memorandum Opinion (Doc. #193) on May 7, 2015, finding that because voluntary dismissals without prejudice under both Rule

41(a)(1)(A)(i) and Rule 41(a)(1)(A)(ii) are entered without order of the Court, the holding in PNC Equipment Finance applies in this case. (Doc. #193, p. 16.) Accordingly, pursuant to the holdings in University of South Alabama and PNC Equipment Finance, without further action from this Court, this action was rendered a nullity. Ergo, this Court lacks jurisdiction over the substance of the case at this time, and Plaintiff's Motion for Voluntary Dismissal With Prejudice is denied for want of jurisdiction. Moreover, for the reasons articulated above, Plaintiff's Renewed Motion for Entry of Final Judgment is also denied for want of jurisdiction.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Voluntary Dismissal With Prejudice of Count III of Fourth Amended Complaint (Doc. #200) is **denied.**

2. Plaintiff's Renewed Motion for Entry of Final Judgment (Doc. #201) is **denied.**

**DONE and ORDERED** at Fort Myers, Florida, this __7th___ day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record