UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAMELA M. PERRY,

      Plaintiff,

v.                                    Case No:  2:13-cv-36-FtM-29DNF

THE   SCHUMACHER   GROUP   OF
LOUISIANA,   a   Louisiana
corporation, THE SCHUMACHER
GROUP OF FLORIDA, INC., a
Florida corporation, COLLIER
EMERGENCY   GROUP,   LLC,   a
Florida   limited   liability
company,   HEALTH   MANAGEMENT
ASSOCIATES INC., a Michigan
corporation and NAPLES HMA,
LLC,   a   Florida   limited
liability company,

      Defendants.

_____

## OPINION AND ORDER

    This matter comes before the Court on defendant Naples HMA, LLC's Motion to Strike or, Alternatively, Dismiss Plaintiff's Sixth Amended Complaint (Doc. #242) filed on May 15, 2020. Plaintiff filed a Response In Opposition (Doc. #254) on May 29, 2020.  For the reasons set forth below, the motion is denied.

**I.**

    This case presents a long and complicated procedural history. In August 2013, plaintiff Pamela M. Perry filed an eight-count Fourth Amended Complaint (Doc. #61) against defendants the

Schumacher Group of Louisiana, Inc., the Schumacher Group of Florida, Inc., Collier Emergency Group, LLC, (collectively, the "Schumacher Group"), Health Management Associates, Inc., and Naples HMA, LLC.  (Doc. #61).  The Fourth Amended Complaint alleged racial discrimination (Count I) and gender discrimination (Count II) under 42 U.S.C. § 2000e-2, discrimination under 42 U.S.C. § 1981 (Count III), retaliation (Count IV) under 42 U.S.C. § 2000e-3, trade libel (Count V), negligence (Count VI), breach of contract (Count VII), and breach of implied duty of good faith and fair dealing (Count VIII).

As the case proceeded, the claims in the Fourth Amended Complaint were gradually adjudicated.  In March 2014, the Court dismissed the claims set forth in Counts VI, VII, and VIII.  (Doc. #82.)  In October 2014, the Court granted summary judgment in favor of the Schumacher Group as to Counts I, II, III, and IV.  (Doc. #160.)  In November 2014, the Court entered judgment as a matter of law in favor of Naples HMA, LLC on Counts I, II, IV, and V.  (Doc. #173.)  Finally, in July 2018, plaintiff filed a Fifth Amended Complaint dropping Count III so as to appeal the disposition of the other claims.  (Doc. ##211, 213, 214.)  The Court entered judgment in favor of defendants and the matter was appealed to the Eleventh Circuit in August 2018.  (Doc. ##215, 216.)

In April 2020, the Eleventh Circuit affirmed the dismissal of Counts VI, VII, and VIII from the Fourth Amended Complaint. (Doc. #223.) However, the court reversed the entry of summary judgment in favor of the Schumacher Group as to Counts I, II, III, and IV, and reversed the entry of judgment as a matter of law in favor of Naples HMA, LLC as to Counts I, II, and IV. (Id.)

Upon remand, the Court issued an Order on April 17, 2020 reinstating the Fourth Amended Complaint and permitting plaintiff to file a Sixth Amended Complaint to remove the dismissed claims and add Count III if plaintiff so chose.[1] (Doc. #224.) On May 1, 2020, plaintiff filed a four-count Sixth Amended Complaint with the following claims: racial discrimination (Count I) and gender discrimination (Count II) under 42 U.S.C. § 2000e-2; discrimination under 42 U.S.C. § 1981 (Count III); and retaliation (Count IV) under 42 U.S.C. § 2000e-3. Counts I, II, and IV are alleged against the Schumacher Group and Naples HMA, LLC, while Count III is alleged only against the Schumacher Group.

On May 15, 2020, Naples HMA, LLC filed the motion currently before the Court. (Doc. #242.) The motion requests the Court strike or dismiss the Sixth Amended Complaint and require plaintiff

---

[1] As noted, plaintiff had previously filed a Fifth Amended Complaint for the purpose of removing Count III, the sole remaining claim, so that plaintiff could obtain entry of final judgment and appeal the disposition of the other claims.

to file a Seventh Amended Complaint.  (Id. p. 8.)  In support, the motion suggests the Sixth Amended Complaint disobeys the Court's April 17, 2020 Order, as well as contains impermissible allegations in Count III.  (Id. pp. 7-8.)  The Court will address each of these arguments in turn.

## II.

Naples HMA, LLC first argues the Sixth Amended Complaint violates Rule 41(b) of the Federal Rules of Civil procedure, which provides that if a plaintiff fails to comply with a court order, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).  Naples HMA, LLC suggests the Sixth Amended Complaint disobeys this Court's April 17, 2020 Order by (1) including seventy-nine additional paragraphs of allegations to be responded to by Naples HMA, LLC, and (2) containing allegations of Naples HMA, LLC's unlawful and discriminatory conduct with respect to the Section 1981 claim in Count III.  (Doc. #242, pp. 7-8.)  Having reviewed the documents, the Court finds plaintiff has not violated Rule 41(b).

As to the first argument, Naples HMA, LLC seems to be suggesting that because the April 17th Order permitted plaintiff to file a Sixth Amended Complaint only to remove the dismissed claims and re-allege Count III, plaintiff disobeyed the Order by adding additional paragraphs of allegations.  While plaintiff

concedes the Sixth Amended Complaint contains more paragraphs of allegations than the Fourth Amended Complaint, <u>see</u> (Doc. ##61, 235), she argues the additional paragraphs are non-prejudicial because she

> did not change the substance of **any** of her factual allegations against the Defendants; she merely made certain grammar and style edits to the allegations in the Fourth Amended Complaint and she broke up a number of its multi-sentence paragraphs into single-sentence paragraphs, to ensure that Defendants would clearly admit or deny discrete—and non-compound—allegations when they answered.

(Doc. #254, p. 5.)  Having considered the arguments, the Court cannot say that plaintiff violated the April 17th Order by including the additional paragraphs.  However, even assuming plaintiff did, "[t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985) (marks and citations omitted).  Given plaintiff's explanation for the additional paragraphs, the Court finds plaintiff did not engage in willful contempt, and therefore did not violate Rule 41(b).

Naples HMA, LLC next argues that plaintiff violated the April 17th Order because Count III of the Sixth Amended Complaint contains allegations related to Naples HMA, LLC's liability, despite plaintiff being precluded from including Naples HMA, LLC

- 5 -

as a party to that claim.  (Doc. #242, pp. 6-8.)  The Court
disagrees.   The  April  17th  Order  provided  plaintiff  the
opportunity to re-allege a Section 1981 claim in Count III, which
plaintiff did in the Sixth Amended Complaint.  The Order did not
prescribe limits or even guidance on what allegations could be
included in such a claim, and therefore plaintiff's inclusion of
allegations relating to Naples HMA, LLC cannot be considered
disobedience of the April 17th Order.  Accordingly, plaintiff did
not violate Rule 41(b).[2]

### III.

The  Court  will  now  turn  to  Naples  HMA,  LLC's  alternative
argument that various allegations in Count III of the Sixth Amended
Complaint should be stricken.  As noted, Count III alleges the
Schumacher Group discriminated against plaintiff in violation of
Section 1981.  (Doc. #235, pp. 30-33.)  However, in making this
claim,  plaintiff  includes  allegations  against  Naples  HMA,  LLC,
which was originally also a defendant to this claim.  For example,
the Sixth Amended Complaint alleges Naples HMA, LLC's employees
made  false,  racially  motivated  allegations  against  plaintiff,

---

[2] To the extent Naples HMA, LLC suggests plaintiff violated
the April 17th Order by including it as a defendant to Count III,
plaintiff has conceded Count III is alleged only against the
Schumacher Group.  (Doc. #254, p. 7.)  Accordingly, Naples HMA,
LLC's argument that plaintiff is precluded from including it as a
defendant to Count III has been rendered moot.

which Naples HMA, LLC then used as a basis to terminate plaintiff's employment.   (Id.  ¶¶ 200-02.)   In its motion, Naples HMA, LLC argues that because plaintiff has abandoned her Section 1981 claim against it, any allegations that Naples HMA, LLC violated Section 1981 should be stricken.  (Doc. #242, pp. 6-8.)  Having considered the matter, the Court declines to strike the allegations at issue.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings.   The court enjoys broad discretion in determining whether to grant or deny these motions to strike.   Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  Hutchings v. Fed. Ins. Co., 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008) (marks and citation omitted).  It is not intended to "procure the dismissal of all or part of a complaint."  Id.  Likewise, a motion to strike is a drastic remedy and is disfavored by the courts.  Schmidt v. Life Ins. Co. of N. Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012).  Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Id.

Having reviewed the allegations in Count III, the Court finds they do not require the "drastic remedy" of being struck.  While the allegations may reflect negatively on Naples HMA, LLC, they are relevant to the factual background underlying the Section 1981 claim.  See Skypoint Advisors, LLC v. 3 Amigos Prods. LLC, 2020 WL 2357224, *5 (M.D. Fla. May 11, 2020) (denying motion to strike allegations in counterclaims because they were relevant to the factual background underlying the counterclaims).  Furthermore, to the extent Naples HMA, LLC suggests it is prejudiced by the allegations, the Court finds the allegations in Count III are substantially similar to those made against Naples HMA, LLC in Counts I, II, and IV.  Therefore, the Court finds Naples HMA, LLC has failed to meet its burden of demonstrating the allegations at issue should be stricken.

Accordingly, it is hereby

**ORDERED:**

Defendant Naples HMA, LLC's Motion to Strike or, Alternatively, Dismiss Plaintiff's Sixth Amended Complaint (Doc. #242) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of July, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record