UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAMELA M. PERRY,

    Plaintiff,

v.                                             Case No. 2:13-cv-36-FtM-29NPM

THE SCHUMACHER GROUP OF
  LOUISIANA,
THE SCHUMACHER GROUP OF
  FLORIDA, INC.,
COLLIER EMERGENCY GROUP, LLC, and
NAPLES HMA, LLC
        Defendants.

**ORDER**

Before the Court is Defendant Naples HMA, LLC's Motion to Strike/Exclude Plaintiff's Expert and Expert Report or, Alternatively, Extend Remaining Case Management Deadlines (Doc. 286). The remaining Defendants ("Schumacher Defendants") join in the relief requested in the motion. (Doc. 290). Plaintiff Dr. Pamela M. Perry filed a timely response in opposition to the motion. (Doc. 289). For the reasons discussed below, the request to strike is denied and the request to extend the remaining deadlines is granted.

As a result of the many recent filings, the Court and the parties are familiar with the procedural and factual backdrop of the case. Thus, the Court will proceed directly to the issues at hand. Naples HMA seeks to strike the report of Plaintiff's expert Dr. Mark Cichon or, alternatively, extend the remaining deadlines in the case to allow more time to retain and consult with experts in preparation for Dr. Cichon's deposition. (Doc. 286).

*Motion to Strike*

In a nutshell, Naples HMA argues Dr. Cichon's report was untimely and that it exceeds the scope of the Court's order reopening discovery. (Doc. 286

Federal Rule of Civil Procedure 26(a) and (e) require parties to timely disclose all bases of their expert opinions. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). If an expert report is untimely or incomplete, Federal Rule of Civil Procedure 37(c) controls. Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37 allows district courts to exclude or strike expert witnesses as a sanction for violating Rule 26. *Mitchell*, 318 F. App'x at 824. The burden of establishing this failure lies with the non-disclosing party. *Id.*

On the other hand, the admissibility of expert testimony is governed by Federal Rule of Evidence 702, and the proper method to challenge the reliability of expert testimony is by a *Daubert*[1] motion or motion in limine. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). Therefore, the Court limits its review to whether Dr. Cichon's disclosure and report are timely and complete.

To begin, Naples HMA represents Plaintiff disclosed Dr. Cichon's name on July 13, 2020, when Plaintiff asked for an extension of time to provide Dr. Cichon's report. Not so. Plaintiff had disclosed Dr. Cichon on May 20, 2020 and again on June 3, 2020 in response to Interrogatories. (Docs. 289-1, p. 11; Doc. 289-1, p. 24). And Plaintiff timely

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

disclosed Dr. Cichon's report on July 17, 2020 at 9:00 a.m. in compliance with the Court's July 14, 2020 order (Docs. 279, 283).

As for the scope of Dr. Cichon's report, the Court harkens back to the parties' Joint Motion to Reopen Discovery for Limited Purposes (Doc. 233). The parties agreed, "[a]ny further discovery in the case will be limited strictly to the issue of **damages**." (Doc. 233, p. 4 (emphasis added)). And the Court memorialized this agreement in its April 29, 2020 Order, "[t]he parties agree that discovery concerning compensatory and punitive **damages** is necessary . . ." (Doc. 234, p. 1 (emphasis added)). There is no restriction to front pay as claimed by Naples HMA. (*See* Doc. 286, p. 4). Further, there is no suggestion that Dr. Cichon's report is incomplete. To the contrary, Naples HMA suggests he included too much information in his lengthy report. Thus, finding no merit in Naples HMA's claim that it was unfairly surprised by Dr. Cichon's report, the Court denies the request to strike it. (Doc. 286). To be clear, this Order does not preclude Defendants from filing a timely motion in limine challenging Dr. Cichon's qualifications or methodology, or the admissibility of his opinions.

*Motion to Extend Remaining Case Management Deadlines*

Alternatively, Naples HMA claims it is "substantially prejudiced" by the limited time it had to review Dr. Cichon's report and depose him. (Doc. 286, p. 11). Naples HMA claims it cannot retain and consult with necessary experts prior to deposing Dr. Cichon in the timeframe allotted. (*Id.*). But the Court reminds Naples HMA that on April 29, 2020, the Court entered an expedited schedule for completing the damages discovery without disturbing the trial term—as the parties requested. (*See* Doc. 234). So as early as April 2020, the parties were well aware of the limited time that would be available between the

disclosure and deposition of experts and the need to proceed accordingly. Indeed, Plaintiff timely served her expert report on July 17, 2020, and the Schumacher Defendants deposed Plaintiff's expert on July 24 and July 27. On both dates, the Schumacher Defendants concluded their questioning early, and Naples HMA declined to use the time for its questions. (Doc. 289, p. 5).

When disclosing her expert, however, Plaintiff disobeyed the July 14 Order. Plaintiff provided only one date from July 21 through 24 for the deposition and provided only four hours for the deposition. (Doc. 283, p. 1). Plaintiff should have provided available dates for Dr. Cichon to be deposed for seven hours between July 21 and July 24 **as ordered**, (*see* Doc. 279, p. 3), and **both** Defendants should have been prepared to depose Dr. Cichon during this time frame. But Plaintiff did not comply with the Order and Naples HMA was apparently unprepared to depose Dr. Cichon even if Plaintiff had. Thus, Plaintiff and Naples HMA share fault for the scheduling predicament before the Court. The parties have since agreed that Naples HMA will depose Dr. Cichon on August 17 and 18. (Doc. 289, p. 5). Consequently, the Court will grant the alternative relief of modifying the schedule.

Accordingly, it is hereby **ORDERED**:

(1)   The Motion to Strike/Exclude Plaintiff's Expert (Doc. 286) is **DENIED**.

(2)   The Motion to Extend the Remaining Case Management Deadlines (Doc. 286) is **GRANTED**.

(3)   The Court amends the schedule as follows:

4

| DEADLINE | DATE |
|---|---|
| **Deadline to depose Plaintiff's expert** | 8/18/2020 |
| **Defendants' deadline to disclose rebuttal expert and to provide at least three dates during the week of August 31, 2020 for expert deposition(s)** | 8/24/2020 |
| **Deadline to depose Defendants' rebuttal experts** | 9/4/2020 |
| **Motions in Limine** | 9/18/2020 |
| **Joint Final Pretrial Statement** | 9/25/2020 |
| **Final Pretrial Conference** | 10/23/2020 |
| **Trial** | November 2, 2020 |

All other provisions of the prior scheduling order(s) entered in this case remain in effect unless expressly modified herein or by further court order.

**DONE** and **ORDERED** in Fort Myers, Florida on August 7, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

5