UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAMELA M. PERRY,

    Plaintiff,

v.                                  Case No:   2:13-cv-36-FtM-29DNF

THE SCHUMACHER GROUP OF LOUISIANA, a Louisiana corporation, THE SCHUMACHER GROUP OF FLORIDA, INC., a Florida corporation, COLLIER EMERGENCY GROUP, LLC, a Florida limited liability company, HEALTH MANAGEMENT ASSOCIATES INC., a Michigan corporation and NAPLES HMA, LLC, a Florida limited liability company,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendant Naples HMA, LLC's Omnibus Motion in Limine (Doc. #305) filed on September 18, 2020. Plaintiff filed a Response in Opposition (Doc. #313) on October 16, 2020. For the reasons that follow, the motion is denied.

**I.**

The Schumacher Group (TSG), consisting of defendants the Schumacher Group of Louisiana, Inc., the Schumacher Group of Florida, Inc., and the Collier Emergency Group, LLC (CEG), is a

corporation that provides healthcare staffing services at medical facilities in certain states throughout the country. (Doc. #142, p. 12.) In 2011, CEG entered into an exclusive agreement with defendant Naples HMA, LLC (HMA) to staff the emergency departments at two hospitals in Naples, Florida. (Doc. #244-1, p. 30.) Plaintiff Pamela Perry, M.D., an African American female emergency physician, was hired in June 2011 to serve as the medical director in the emergency department at one of the hospitals, Pine Ridge. (Doc. #244, p. 5.) Plaintiff's employment was subsequently terminated in 2012, and she has filed suit against the defendants alleging various discrimination and retaliation claims. (Doc. #235.) HMA now seeks to preclude plaintiff from introducing certain evidence, testimony, and argument on a variety of issues. (Doc. #305.) The Court will address these issues in turn.

## II.

**A. Damages: Back Pay, Lost Wages, Front Pay**

HMA's motion raises several arguments relating to potential damages, including back pay, lost wages, and front pay.

**(1)  Back Pay Is Not Determined By Jury**

HMA asserts that plaintiff is not entitled to have a jury consider and decide the issue of back pay. While such a request may stretch the proper scope of a motion in limine, the law is clear that the issue of back pay is for the Court and not the jury.

A prevailing plaintiff in a Title VII case is "presumptively entitled to back pay," Nord v. U.S. Steel Corp., 758 F.2d 1462, 1472 (11th Cir. 1985), which refers to "the compensation that the plaintiff would have received from the employer had the discrimination not occurred." E.E.O.C. v. Joe's Stone Crab, Inc., 15 F. Supp. 2d 1364, 1376 (S.D. Fla. 1998). HMA argues that any award of back pay should be determined by the Court rather than the jury, and suggests plaintiff disagrees. (Doc. #305, pp. 1-2; Doc. #312, p. 4 n.1.) Plaintiff does not address this issue in its response, but the Court agrees that "[b]ack pay under Title VII is an equitable remedy, and as a result, it does not include a right to a jury determination." Holland v. Gee, 677 F.3d 1047, 1064 n.8 (11th Cir. 2012); see also Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1184 (11th Cir. 2010) ("Backpay in this Circuit is considered equitable relief, whether granted under Title VII, which provides solely for equitable remedies, or §§ 1981 and 1983, which provide for legal remedies as well. The determination of backpay under any of these provisions therefore entails no rights under the seventh amendment." (marks and citations omitted). Accordingly, the issue of back pay will be decided by the Court, not the jury.

**(2) Evidence of Back Pay, Lost Wages After October 1, 2014**

HMA recognizes that the Sixth Amended Complaint alleges that HMA is a joint employer with TSG. HMA argues, however, that plaintiff "should be precluded from introducing evidence at trial regarding any alleged lost wages after October 1, 2014," the date HMA terminated its staffing agreement with TSG. (Doc. #305, p. 2.) HMA argues that plaintiff's contractual relationship was only with TSG, so that once HMA terminated its relationship with TSG on October 1, 2014, her position at HMA would have terminated and HMA could have no possible liability to plaintiff beyond that date. (Id. at 2-9.)

While presented as a request to preclude the admission of evidence, HMA is essentially seeking a judicial determination of the sufficiency of the evidence beyond a certain date. See id. p. 8 ("It is Plaintiff's burden to establish her damages, including any damages beyond the termination of the contract under which she was allegedly employed. Plaintiff has failed to meet this burden here, and the Court is not required to recreate the hypothetical career path of Plaintiff to award back pay beyond the termination of Naples HMA's contract with TSG." (citations omitted)). As plaintiff argues (Doc. #313, pp. 7-8), such a determination goes beyond the proper scope of a motion in limine. See Whidden v. Roberts, 334 F.R.D. 321, 324-25 (N.D. Fla. 2020) ("A motion *in*

*limine* is not a permissible substitute for a motion for summary judgment."); Arthrex, Inc. v. Parcus Med., LLC, 2014 WL 2700802, *1 (M.D. Fla. June 13, 2014) (agreeing with plaintiff that defendant's argument regarding insufficient evidence was "essentially a motion for summary judgment" and "is not a proper motion in limine"); Burkhart v. R.J. Reynolds Tobacco Co., 2014 WL 12617550, *4 (M.D. Fla. Apr. 30, 2014) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence."); Bishop v. Textron, Inc., 2006 WL 6866491, *2 (S.D. Fla. Jan. 25, 2006) (denying motion in limine based on lack of evidence, but without prejudice to renewal "after the close of evidence or during the charge conference in this case"). Accordingly, the Court denies this portion of HMA's motion.

**(3) Front Pay**

HMA next seeks to preclude plaintiff from seeking or introducing evidence relating to an award of front pay after the October 1, 2014 termination of the HMA-TSG contract. (Doc. #305, p. 9.) "[F]ront pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement," Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846 (2001), and "prevailing Title VII plaintiffs are presumptively entitled to either reinstatement or front pay." U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 619 (11th Cir. 2000)

- 5 -

(citation omitted)). Like back pay, "[f]ront-pay is an equitable remedy that is properly decided by the Court without submission to a jury." Gerry v. City of Hialeah, 152 F. Supp. 2d 1350, 1351 (S.D. Fla. 2001); see also U.S. E.E.O.C., 213 F.3d at 619 (reaffirming "the principle that front pay is an equitable remedy awarded at the discretion of the district court"); Eleventh Circuit Pattern Jury Instruction 4.5 ("Front pay is an equitable remedy to be determined by the court at the conclusion of the jury trial.").

For the same reasons it asserts against back pay and lost wages, HMA argues plaintiff cannot meet her burden of establishing front pay damages after October 1, 2014. (Doc. #305, p. 9.) And for the same reasons the Court rejected HMA's back pay/lost wages argument, the Court finds this issue is not appropriate to decide on a motion in limine. See Whidden, 334 F.R.D. at 324-25; Arthrex, 2014 WL 2700802, *1; Burkhart, 2014 WL 12617550, *4; Bishop, 2006 WL 6866491, *2. Accordingly, HMA's request is denied.

**(4) Damages Relating to Travel, Lodging, and Meals**

HMA next seeks to preclude plaintiff from offering evidence of over $85,000 in travel expenses caused by her need to commute to her subsequent employment, including lodging and meals, that would not have been incurred if she had been permitted to remain in her position at Pine Ridge. (Doc. #305, pp. 9-10.) HMA argues that because plaintiff turned down employment offers that would

have required less of a commute and offered a higher salary, she "has failed to properly mitigate her damages and should not be entitled to any avoidable 'travel-related expenses' incurred due to her subsequent employment." (Id. p. 12.)

The primary function of this portion of HMA's position is to improperly expand the proper scope of a motion in limine. HMA does not seek a ruling on the admissibility of evidence related to plaintiff's travel expenses, and in fact does not even argue such evidence is inadmissible. Rather, HMA seeks to have the Court weigh the evidence in the record and make a legal determination that plaintiff failed to mitigate her damages. The Court declines to do so. See Voss v. City of Key West, Fla., 24 F. Supp. 3d 1228, 1233 (S.D. Fla. 2014) ("The Court agrees with Defendant that the reasonableness of Plaintiff's mitigation efforts is an issue to be decided by the jury at trial."). Accordingly, this portion of HMA's motion is denied.

### (5) Potential Testimony

The remainder of HMA's motion seeks to preclude the introduction of several out-of-court statements that HMA asserts are inadmissible. (Doc. #305, pp. 12-30.) HMA argues the statements, which all involve racial and/or gender issues, are inadmissible as, *inter alia*, irrelevant, unduly prejudicial, and hearsay. (Id.) Plaintiff responds that the statements at issue

are not hearsay because they are not being offered for the truth of the matter asserted, but rather "to show Plaintiff heard what was said and that it contributed to her perception of workplace culture."  (Doc. #313, p. 13); see United States v. Trujillo, 561 Fed. App'x 840, 842 (11th Cir. 2014) ("Generally, an out-of-court statement admitted to show its effect on the listener is not hearsay." (citation omitted)).  Plaintiff also argues that any admissibility questions should be resolved at trial.  (Doc. #313, p. 13.)

The Court finds HMA's arguments can be more appropriately addressed during the trial.  See Ramirez v. E.I. Dupont De Nemours & Co., 2010 WL 3516103, *1 (M.D. Fla. Sept. 3, 2010) ("The Court notes that it is capable of deciding hearsay issues during the trial and that a motion in limine predicated upon the exclusion of hearsay seems a bit tedious at this juncture . . . .  The Court will assess hearsay considerations during the trial of this case, and accordingly, denies the motion to exclude hearsay evidence without prejudice.  Defendant is free to re-raise the arguments asserted in this Motion during trial, as appropriate."); Mee Indus. v. Dow Chem. Co., 2008 WL 874836, *1 (M.D. Fla. Mar. 27, 2008) ("Motions *in limine* are disfavored; admissibility questions should ordinarily be ruled upon as they arise at trial.  Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be

deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." (citations omitted)). While the statements at issue are at least suspect, the Court cannot say at this point of the proceedings that they are clearly inadmissible.  Therefore, HMA's request to exclude the statements at issue is denied without prejudice to re-raising these issues at trial.

Accordingly, it is hereby

**ORDERED:**

Naples HMA, LLC's Omnibus Motion in Limine (Doc. #305) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___25th___ day of November, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record